for assistance, Department of Veterans Affairs, 2016-24-20. Ms. Duttry, when you're ready. Good morning and may it please the Court. Rebecca Harker Duttry on behalf of Veteran Appellant Jack Liam Clark. Today we ask this Court to vacate and remand the Veteran Court's decision because the Veterans Court committed legal error by exceeding its statutory authority for two reasons. First, the Veterans Court exceeded its statutory authority by making findings of fact in the first instance that were not part of the record below and that were not considered by the Board in the first instance. Second, the Veterans Court exceeded its statutory authority by sustaining the Board's determination of no service connection on grounds not considered by the Board below and relying on evidence that was not considered by the Board below. One of the main issues this Court needs to consider in this case is whether the Veterans Court properly made factual findings in the first instance. I guess I'm trying to figure out what is the Veterans Court supposed to do when the Veteran appeals to the Veterans Court and says, Veterans Court, please look at this record. And when you look at this record, you will see that the Board below overlooked an alternative claim that it needed to address. Is it your position that the Veterans Court needs to remand that to the Board to decide for itself in the first instance? Because inherently what clearly happened is the Board didn't see that alternative claim in the record. And so now the responsibility lies on the Veterans Court to try to decide whether the Board was wrong because in fact there is that alternative claim that's sitting there embedded in the record. So they have to engage in the review of the record, right? Correct, Your Honor. The Veterans Court has the authority to review the record to determine whether an issue was properly raised before the Board below. However, in doing that, they are limited to what is in the record below and they cannot make additional factual findings. So in this case, the real issue is that the Veterans Court made additional factual findings and considered evidence that the Board didn't consider in its decision below. The issue that arises here is if the Veterans Court is making factual findings in the first instance or considering evidence that the Board did not consider below, now the Veteran has no recourse to appeal those factual findings because the Veteran can't appeal those factual findings to this court because this court doesn't have jurisdiction to review the factual findings. So now we're stuck with these factual findings that the Veterans Court made and we have no basis to have anyone review them. So what would you have us do with the Robinson case where in the Robinson case there was a situation where the Veteran was appealing to the Veterans Court saying that the Board below overlooked an alternative claim, direct service connection or something like that. So please take a look. The Veterans Court reviewed the record and concluded, no, there was no direct service connection claim below. And then we held, we don't have jurisdiction to review this question because the Veterans Court made a fact finding that there was no claim and we can't review that fact finding. So on one hand, we know we can't review fact findings. That's outside our jurisdiction, you agree. And then on the other hand, we know that at least with respect to the Robinson case, it was we signed off on the Veterans Court to make that inquiry on whether a claim was actually raised in the record or not. So doesn't that both ways kind of answer the question in your case? No, Your Honor. The difference between the Robinson case and our case is that in the Robinson case, the Veterans Court did not make any additional factual findings when it was reviewing the record below to determine whether or not the issue of direct service connection was reasonably raised before the Board below. Instead, the Veterans Court solely relied on the facts as they existed in the record below. Unlike the Robinson case, in this case, the Veterans Court made several additional factual findings in order to determine that Section 3.303B did not apply in this instance. What were those? What were the additional, I think you said, both additional factual findings and maybe evidence that the Board did not discuss? What are those? Correct. So the crux of these findings occur in the Joint Appendix at 3.35, and this is the service treatment record in which there was a diagnosis of arthritis in service. The Veterans Court made a determination as to what the question mark... I'm sorry. Yeah, this is the little handwritten thing? Correct. Right. And I guess maybe is it enough for you to say there's a disputed question whether there was a diagnosis or whether that was just a question? There's a dispute as to whether or not there was a diagnosis in service. I don't think that the Veterans Court could look at this record and say with certainty that it was clear in the record what the question mark in that diagnosis meant. And what the Veterans Court did here was make a factual finding as to what the question mark meant, and they said the question mark went to the issue of whether or not there was arthritis in service. Are you saying that the board did not address that bit of evidence? The board did not interpret that evidence in their decision. It must have had it in front of it. Correct. It did. I'm not sure that's right, only because when you look at A63 in the board decision, you'll see a passage where it discusses and reviews those various examination reports, or it calls them out, and then explicitly says the record shows no chronic right ankle or left great toe disability during service, end quote. So I think a fair reading of that passage in the board decision suggests that they looked at, considered these examination reports, including the one we're talking about, and then made this specific fact finding about no chronic right ankle or left big toe arthritic problem. So maybe the board did make that fact finding. We would disagree, Your Honor. We don't think it's clear in the board's decision that they actually looked at that piece of evidence, and they didn't interpret the meaning of the question mark. We believe that the evidence isn't clear from the face of the record what question mark means, and the Veterans Court felt the need to address it in their decision and make an interpretation as to what that question mark meant in order to reach a decision under Section 3.303B. While the board is presumed to have reviewed all of the evidence in the record, and we understand that, and the board is also presumed to have considered all that evidence, however, they do need to discuss all of the relevant evidence of record. And when considering service connection, nothing is more relevant than whether there's a diagnosis of a chronic condition in service. And so the board had the obligation to at least consider that evidence because it wasn't discussed anywhere in their opinion, but then later discussed and factual findings were made by the Veterans Court in the first instance. That was improper. Then when the board says the record shows no chronic right ankle or left great toe disability during service, end quote, they did make a finding adverse to your client. They did say they looked at the record, but I guess your concern is they didn't specifically call out this one particular examination report that has this question mark, and in your view, they needed to go that far to actually say, let me now address this question mark in this examination report. Correct, Your Honor. We believe in this case, because the record is short, it's just over 400 pages, the record before the agency, it's not a voluminous thousand page record that the court was dealing with, and the service treatment record itself was just a few pages. This was a very clear piece of evidence that the board should have considered when they were conducting their review to determine whether or not there was service connection. You would obviously turn to the service treatment record to determine what happened in service, and this was evidence that they should have considered when making a determination as to what applied here, and the real issue is not making a determination as to what- You mean it's evidence that the board should have discussed expressly. We can't assume that it didn't consider it. Correct. They should have expressly discussed that evidence because it was relevant evidence to the issue of service connection, and I think the issue is not trying to pinpoint exactly the factual findings that the board made below. I think the bigger issue here is that the Veterans Court made factual findings in the first instance that are not clearly a part of the record below, and that is outside of the Veterans Court's jurisdiction, and then gives Mr. Clark no opportunity to contest those factual findings. If the board had made those factual findings, Mr. Clark would have had an opportunity to contest them at the Veterans Court to state his disagreement with the interpretation of the service treatment record and the meaning of that question mark. Because the board never made those factual findings, Mr. Clark wasn't given the opportunity to contest that information and provide an alternate reading of that service treatment record. Instead, as we stand before this court, we're unable to contest those factual findings today. You wouldn't be able to anyway. Here, before this court, correct, because it's outside of the jurisdiction. And that's the problem, is that if the Veterans Court is allowed to make factual findings in the first instance, then the veteran has no recourse to challenge those factual findings, and that's why this case should be remanded so the board can make the factual findings in the first instance. And then if Mr. Clark disagrees with those findings, he can challenge them at the Veterans Court, where it's proper to challenge factual findings. All of that was also true in the Robinson case, though. And we said that that was unnecessary, or we weren't going to undo what the Veterans Court did in that particular case. But in the Robinson case, Your Honor, the Veterans Court did not make additional factual findings that were not part of the record below. The Veterans Court limited itself to a review of the record below as it stood to make a determination that direct service connection was not reasonably raised before the board. In this case, the difference is the Veterans Court did not limit itself to what was in the record below, and instead expanded the record. I'm sorry, I just want to make sure I understand. What did the Veterans Court rely on that was not actually in the record before the board? The interpretation of the question mark and the import of the meaning of the negative x-rays. But the question mark passage was in the record. Correct, Your Honor. So the Veterans Court said, I look at this. I don't think this reasonably raises the question. If that's all it did, it didn't rely on extra record material. What the Veterans Court didn't simply look at that evidence and say that section 3.303b was not raised. Instead, the Veterans Court looked at that evidence and said, what this question mark means is that there was not a diagnosis of arthritis in service. That's not what the record says. The record has this metatarsoproximal part question mark arthritis notation in the record. And there's no statement as to whether or not this means arthritis was diagnosed in service. And this evidence was not considered, was not discussed by the board in its opinion. And so the board did not make an interpretation as to what that piece of evidence meant. So the Veterans Court had no basis in the factual record below for making that statement as to what the question mark meant. They weren't simply looking at the record, taking it at face value and making a determination that section 3.303b wasn't reasonably raised below. Instead, they were looking at the record, making additional factual findings and making a determination that section 3.303b, in fact, did not apply in Mr. Clark's case, not merely looking at whether or not it was raised. So the rule would be then if it's not there on the record on its face, I mean, the Veterans Court can look at the record and if it just looks at plain language, that's okay. But as soon as it needs to do the extra hop of interpreting the plain language to try it because the plain language perhaps is not so clear, then they've crossed the line that they shouldn't have crossed. And then what? That it's up to the, they ought to remand to the board to make that kind of interpretive step? Correct, Your Honor. If the record is not clear on its face and requires additional factual findings in order for the Veterans Court to reach a determination, then it should be remanded to the board below for the factual findings to be made because the board is the proper place. Appellate courts should not be making factual findings in the first instance. Instead, the province of the agency, the board, to make these factual findings in the first instance themselves and provide an opportunity for the veteran to appeal those findings. Would you like to save your rebuttal time? Yes, Your Honor. Mr. Yale. May it please the Court. We'd like to address a few points that were just addressed. Robinson clearly controls this case. In the Robinson case, this court found that there was no jurisdiction based on 7292 to consider the issue at play here, which is whether or not the entitlement to service connection based on a condition here, it's a chronic condition, whether or not that was reasonably raised. The Veterans Court acted perfectly appropriately. It went back through the record. It reviewed the record. It reviewed the board's findings. As Judge Chen pointed out, page 63 of the joint appendix specifically shows the factual findings made by the board as to this chronic issue. In relevant part, it says, the record shows no chronic right ankle or left right-toed disability during service. So there's no way to distinguish Robinson based upon the fact that in this case, those factual findings were not in the record in this case. Well, I guess to put a finer point on it, the point the other side is trying to make is that if you look at the record and you can see whether or not plainly a certain claim had been raised, then the Veterans Court's entitled to do that. But as soon as there is ambiguity in the record, then that ambiguity ought to be resolved in the first instance by the board. And so here, I guess in the other side's view, what we had here was, in fact, ambiguity. And so what the Veterans Court needed to do was send that back to the board to let the Well, with the Veterans Court, based on the Robbins case, it was tasked with reviewing whether or not this was reasonably raised. It went through the record. It made findings or applied the law to the facts that are in the record and found that it was not reasonably raised. Now, so there's this one document that is not specifically called out in the board decision. But there's no law that's been cited where you actually have to call out a specific document. The conclusion on page 63 of the joint appendix specifically covers that document. Elsewhere in the board decision, it discusses the fact that the x-rays were negative for Mr. Clark. That's specifically referring to the same document, the medical records, this consultation report, which mentions x-rays. Besides the fact that the board is presumed to have reviewed all of the evidence in the record. And so we just don't see how there could possibly be jurisdiction in this case under 7292. But even regardless, there were no factual findings made in the first instance. All of these were in the record. The board considered them. X-rays was the other one that had been called out in petitioner's brief. I mean, the x-rays being negative were mentioned a number of times in the board's decision and in the record. I'd also like to just briefly address Chenery. I mean, Chenery is not an issue here. The Veterans Court is appellate court. Chenery applies when there's an administrative decision that solely needs to be made by the whether or not an issue for entitlement was reasonably raised or not. I mean, that's an issue that is also as shown in Robinson for the appellate courts to make. I mean, that's a typical appellate court issue. So Chenery just doesn't apply here. And there's also an exception to Chenery when the result would be the same. And here, the result would most certainly be the same. The board findings that there was no chronic condition, that gets you to the same place. So for those two reasons, Chenery is just not applicable here. And if there are no further questions. No one is ever penalized by not using all their time. We simply ask that the court dismiss this case for lack of jurisdiction. Thank you, Mr. Yale. Ms. Duxley, we'll give you two minutes. Thank you, Your Honor. Your Honor, just one point on rebuttal going back to the Robinson case that was raised both by Judge Chen and by counsel. This case is not like the Robinson case. Instead, this case is much more like the Mayfield case that we cited in our brief, in which the Veterans Court considered evidence that was not considered by the board below. And this court found that was improper because there's no way to know what the board would have done with that evidence if it had considered it in the first instance. Similarly, in this case, there's no way to know how the board would have interpreted that service treatment record if it had done so in the first instance. For that reason, this court, like we did in Mayfield, should remand the case in order for the Veterans Court to remand to the board to make a determination in the first instance. Similarly, as in the Hensley case, this court found that it was improper for the Veterans Court to make additional factual findings in order to reach a determination when those factual findings weren't made by the board in the first instance. Again, this goes to the equities of the case. When the Veterans Court is making factual findings in the first instance, the veteran then has no recourse for appealing because we understand we cannot appeal those factual findings to this court even if we disagree with them. Thank you, Your Honor. Thank you, Ms. Guthrie. We'll take the case on revising.